IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01840-BNB

JIMMIE GHOLSON,

    Applicant,

v.

RON WILEY, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Applicant Jimmie Gholson is a prisoner in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Mr. Gholson has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Gholson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Gholson is challenging the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay a court-ordered assessment and a $15,000 fine in his criminal case. He alleges that the BOP lacks authority to fix a schedule for payments during the time that he is incarcerated at the BOP. He further asserts that he was required to pay $300.00 in excess of what he owed for his court-ordered

assessment and that the BOP imposes sanctions on him if he refuses to comply with the IFRP.

The IFRP became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see Prows v. Department of Justice*, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered special assessments and restitution specifically are included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(1) & (2). The BOP has authority to require Mr. Gholson to participate in the IFRP because the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts." *Johnpoll v. Thornburgh*, 898 F.2d 849, 850 ($2^d$ Cir. 1990) (per curiam); *see Phillips v. Booker*, 76 F. Supp. 2d 1183, 1192-93 (D. Kan. 1999); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988); *aff'd*, 938 F.2d 274 (D.C. Cir. 1991). "Every court to consider a challenge to the IFRP's constitutionality has upheld it." *Davis v. Wiley*, 260 F.Appx. 66, 68 (10th Cir. Jan. 2, 2008) (citations omitted) (unpublished).

"In sum, the BOP is thus within its constitutional authority to establish and enforce payment amounts [Mr. Gholson] must make towards the court-ordered . . . restitution." *Id.* at 69. Furthermore, even though Mr. Gholson's refusal to participate in the IFRP is not without consequences, *see* 28 C.F.R. § 545.11(d), the listed actions under § 545.11(d) that prison staff may take against him for his nonparticipation in the IFRP are not constitutionally guaranteed. *Id.* (citing *James v. Quinlan*, 866 F.2d 627, 629-30 ($3^d$ Cir. 1989).

2

As for Mr. Gholson's claim that he has overpaid his court-ordered assessment, the Court finds that he satisfied the assessment, which originally was $400.00, on June 8, 2002. (Application at Ex. B.) The sentencing court did not adjust the assessment to $100.00 until June 25, 2003. *United States v. Gholson*, No. 96-cr-00553 at Doc. No. 690 (N. D. Ill. Order Docketed June 26, 2003). Furthermore, Mr. Gholson does not address the reduction of his assessment in the administrative remedy appeal that he submitted to the BOP Central Office for consideration. (Application at Attach. (Central Off. Adm. Remedy App.).) To the extent that Mr. Gholson seeks the return of the $300.00 overpayment in this action, he must exhaust his administrative remedies. Nonetheless, in light of the fact that Mr. Gohlson continues to owe monies with respect to his $15,000.00 fine, any overpayment of his assessment may be applied to the balance owed in his fine. Mr. Gohlson does not assert that he has raised the issue of overpayment with the BOP and that he has been denied the ability to apply the overpayment to the balance owed on his fine.

Therefore, based on the above findings, the Court concludes that the Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 18 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01840-BNB

Jimmie Gholson
Reg. No. 07352-424
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk